IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARY L. JOHNSON,            )
                            )
        Petitioner,         )
                            )
                            )
    v.                      )      1:08CV789
                            )
TRAVIS OUTLAW,              )
                            )
        Respondent.         )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge

On April 21, 2009, the United States Magistrate Judge's Recommendation (Doc. 19) was filed, and notice was served on the parties pursuant to 28 U.S.C. § 636. Petitioner Gary L. Johnson ("Johnson") filed objections to the Recommendation within the time limit prescribed by section 636 (Doc. 21).

The court has made a *de novo* determination of those portions of the report to which Petitioner objects and finds that the objections do not change the substance of the United States Magistrate Judge's rulings, which are affirmed. The Magistrate Judge's Recommendation is hereby adopted, as supplemented by this Memorandum Opinion and Order.

One of Johnson's objections warrants discussion. Johnson is a prisoner of the State of North Carolina and seeks habeas relief pursuant to 28 U.S.C. § 2254. He pled guilty to breaking and entering and larceny, while being a habitual felon, and was sentenced in accord with his plea agreement to 90-117 months of imprisonment. Two pro se motions for appropriate relief

("MARs") were filed in state trial court. The first was filed October 2, 2007, and captioned a "Motion for Sentence Modification;" the court treated it as a MAR and denied it on November 2, 2007. The second was denied on August 8, 2008. His habeas petition in this court asserts six grounds for relief (Doc. 2).

One of Johnson's objections is founded on his claims relating to "selective prosecution." He argues selective prosecution on the merits (Doc. 2, Grounds Two (prosecutorial misconduct) and Five) as well as in the context of ineffective assistance of counsel (Doc. 2, Ground One). In his objection, Johnson provides some limited information about the race of other defendants who he claims are similarly situated and contends it demonstrates credible evidence of selective prosecution and, at a minimum, entitles him to conduct discovery on the issue.

To the extent Johnson seeks to revive his selective prosecution claims alleged in Grounds Two and Five, he cannot do so because he waived any such challenge by entering his guilty plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973); Chambers v. Kenworthy, 2007 WL 959709, at *5 (W.D.N.C. Mar. 27, 2007) (section 2254 proceeding) (quoting United States v. Edwards, 188 F.3d 230, 237 (4th Cir. 1999)), appeal dismissed, 238 Fed. App'x 962 (4th Cir. 2007); see State v. Hughes, 136 N.C. 92, 97, 524 S.E.2d 63, 66 (1999), rev. denied, 351 N.C. 644, 543 S.E.2d 878

2

(2000) (guilty plea "waives all defenses other than the sufficiency of the indictment").

The issue, then, is whether Johnson's information in his objection supports a claim that his counsel was ineffective for not pursuing a claim of selective prosecution before his plea. The trial judge concluded that Johnson's selective prosecution claims were procedurally defaulted because they were not raised until Johnson's second MAR but could have been raised in the first MAR. (Doc. 2, attachment; Doc. 11, Ex. 6.) If correct, Johnson's claim based on ineffective assistance of counsel would be barred. Roach v. Angelone, 176 F.3d 210, 222 (4th Cir. 1999). Johnson argues, however, that he is not procedurally barred because his "Motion for Sentence Modification," which the trial court treated as his first MAR, was filed within ten days of sentencing and does not qualify as a MAR. The court need not decide whether Johnson is procedurally barred under N.C. Gen. Stat. § 15A-1419, because his claim fares no better on the merits.

Johnson alleges that he was treated differently from eight "similarly situated" men he met in jail. He failed to indicate the race of any of the other defendants in the text of his pleadings before this court. The Magistrate Judge noted this omission in rejecting Johnson's arguments.[1] (Doc. 19 at 10-12).

---
[1] A review of the record indicates that Johnson's information as to race was indeed set forth previously in Exhibit 4 to his motion for leave to conduct discovery. (Doc. 16, Ex. 4 (containing an excerpt from the second MAR which states, in relevant part, "that both white

3

Johnson claims to remedy this omission by asserting through his objection that two of the previously identified men were white, while the other six were "Black Men." It is not clear that Johnson expressly indicated his own race in the text of his pleadings, although several state court documents included in an exhibit to Respondent's brief in support of his Motion for Summary Judgment indicate that Johnson is African-American. (Doc. 11, Ex. 7 (Doc. 11-9 at 47, 48, 50; designation of Race as "B" or description as "B/M").) He further states: "I allege that the other six 'Black Men' would fall under 'Other Arbitrary Classification.['] They were long time residents of Guilford County, I was not. Being an 'Outsider', I was treated differently." (Doc. 21.) Johnson states that the eight men received attorney visits and a lighter sentence with no enhancement.

Johnson's claims are reviewed under section 2254(d)'s highly deferential standard of review. Habeas relief cannot be granted unless the state court's conclusion was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "applies a rule that

---

defendants [of the eight men] . . . did not suffer the penalty of Habitual Felon Act's enhancement sentence, upon information and belief").)

4

contradicts the governing law set forth" by the Supreme Court or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different" from Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 406 (2002). "Unreasonable" is not the same as "incorrect" or "erroneous," and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-11.

Johnson's factual information set out in his objection does not entitle him to habeas relief. The state court's decision was neither contrary to, nor involved an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts.

A "selective-prosecution claim asks a court to exercise judicial power over a 'special province' of the Executive." United States v. Armstrong, 517 U.S. 456, 464 (1996). As a result, there is a presumption of regularity in prosecutorial decisions, and "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." Id. (emphasis added); see United States v. Olvis, 97 F.3d 739, 743 (4th Cir. 1996) (defendant must support a selective prosecution claim with "clear evidence") (citing Armstrong, 517 U.S. at 465). Prosecutorial discretion is subject to constitutional constraints, including the equal protection clause of the Fourteenth Amendment. The decision to

5

prosecute, therefore, may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification. Armstrong, 517 U.S. at 464. As noted with respect to a petition filed pursuant to 28 U.S.C. § 2254, however, the "standard of proving a selective prosecution claim is a rigorous one." Chambers, 2007 WL 959709, at *5 (citing Olvis, 97 F.3d at 743). To establish a selective prosecution claim, a defendant must show that the prosecution had a discriminatory effect and that it was motivated by a discriminatory intent. "This requires the defendant to establish both (1) that similarly situated individuals of a different race were not prosecuted, and (2) that the decision to prosecute was invidious or in bad faith." Olvis, 97 F.3d at 743 (citations and internal quotation marks omitted); Armstrong, 517 U.S. at 465 ("To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted."). These were the same standards the trial judge applied, albeit as stated under state law. (Doc. 2, attachment; Doc. 11, Ex. 6, citing State v. Blyther, 175 N.C. App. 226, 229, 623 S.E.2d 43, 44-45 (2005), rev. denied, 360 N.C. 365, 630 S.E.2d 189 (2006).)

Johnson fails to demonstrate that those not prosecuted as habitual felons were similarly situated individuals of a different race. The Fourth Circuit concludes that defendants are similarly situated "when their circumstances present no

6

distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them." Olvis, 97 F.3d at 744. Johnson's allegation that the eight men with whom he worked were "similarly situated" is vague and conclusory. He indicates "upon information and belief" that one white man was on parole (as was Johnson) and the other white man was charged with a "more serious crime[]." (Doc. 11, Ex. 7 (Doc. 11-9 at 30-34).) Importantly, Johnson provides only generalized and conclusory information about their prior criminal records, contending that "'at least one [black] fellow trustee' has a violent prior background . . . 'and possibly, upon information and belief,'" three others, all of whom are black, "have violent prior criminal histories." (Doc. 16, Ex. 5 at 27.) Johnson's failure to indicate their criminal histories is a critical omission where the issue is status as an habitual felon.

Johnson also fails to provide sufficient evidence of discriminatory intent – that the decision to prosecute was "invidious or in bad faith" - in support of his claim of selective prosecution. United States v. Greenwood, 796 F.2d 49, 52 (4th Cir. 1986). Although intent may be proved by circumstantial as well as direct evidence, Johnson's allegations fail. Indeed, what he does provide indicates that three-fourths of those *not* prosecuted as habitual felons were of his same race. Therefore, the state trial court's finding in this regard

7

cannot be said to be contrary to, or an unreasonable application of, clearly established law as determined by the Supreme Court, or an unreasonable determination of facts.

Johnson also falls short of meeting the standard for conducting discovery on his selective prosecution claim. Rule 6(a) of the Rules Governing Section 2254 Cases provides that the court may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure. As observed by the Magistrate Judge, where specific allegations show reason to believe the petitioner may, on a development of facts, be able to demonstrate that he is entitled to relief, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." (Doc. 19 at 12, quoting Bracy v. Gramley, 520 U.S. 899, 908-09 (1997).) On the other hand, petitioners are not allowed to use the discovery process to conduct "fishing expeditions" for evidence to support conclusory allegations. (Doc. 19 at 12, citing Williams v. Bagley, 380 F.3d 932, 976 (6th Cir. 2004).)

In the case of a defendant seeking discovery on a selective prosecution claim, "[j]ust as the standard for ultimately proving a selective prosecution claim is a rigorous one, so too is the evidentiary threshold for obtaining discovery from the government to support such a claim." Olvis, 97 F.3d at 743 (citing Armstrong). "[T]he showing necessary to obtain discovery should itself be a significant barrier to the

8

litigation of insubstantial claims." Armstrong, 517 U.S. at 464. Such a threshold is necessary because discovery has the potential of diverting governmental resources and disclosing prosecutorial strategies. Olvis, 97 F.3d at 743. Therefore, a defendant "who seeks discovery on a claim of selective prosecution must show some evidence of both discriminatory effect and discriminatory intent." United States v. Bass, 536 U.S. 862, 863 (2002) (per curiam) (emphases added). "It follows that discovery will not be allowed unless the defendant's evidence supports each of the two furcula of his selective prosecution theory: failure on one branch dooms the discovery motion as a whole." United States v. Lewis, 517 F.3d 20, 25 (1st Cir. 2008) (citing Bass, 536 U.S. at 863-64).

In light of the rigorous standard for granting discovery under Armstrong and the facts in this case, the court agrees with the Magistrate Judge that Johnson has not made the requisite showing, and good cause does not exist for granting his request to allow discovery. This ends the inquiry. Bass, at 863-64.

IT IS THEREFORE ORDERED that Respondent's Motion for Summary Judgment (Doc. 10) is GRANTED, that the habeas petition (Doc. 2) is DENIED, that this action is DISMISSED, and that finding no substantial issue for appeal concerning the denial of

9

a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is denied.

/s/ Thomas D. Schroeder
United States District Judge

October 1, 2009